UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| BRENDA J. LINDSEY, | CASE NO. C08-1324RSM |
| Plaintiff, |  |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |
| THE BOEING COMPANY, |  |
| Defendant. |  |

This matter comes before the Court on Plaintiff's Motion for Protective Order. (Dkt. #19). Plaintiff Brenda J. Lindsey ("Ms. Lindsey"), appearing *pro se*, argues that a specific discovery request made by Defendant is irrelevant. Defendant responds in a separate motion to strike (*see* Dkt. #20) that Ms. Lindsey's motion failed to comply with the Local Rules of the Court and that Ms. Lindsey also failed to comply with her meet-and-confer obligations under FRCP 26(c)(1).

As mentioned in the Court's previous Order (*see* Dkt. #21), "[a]ll motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar." Local CR 7(b)(1). Here, Ms. Lindsey once again failed to note her motion in accordance with the Court's rules, and therefore her motion is defective.

ORDER
PAGE - 1

Notwithstanding this omission, Ms. Lindsey's motion is also improper because she has failed to comply with her meet-and-confer obligations under the Federal Rules. Pursuant to FRCP 26(c)(1), "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The purpose of such rule is clear: counsel should take all reasonable steps to resolve their disputes before bringing their claims to court. Indeed, this district court consistently denies Rule 26(c) motions where a party fails to fulfill their meet-and-confer obligations. *See Mikron Industries, Inc. v. Hurd Windows & Doors, Inc.*, 2008 WL 1805727 (W.D. Wash. April 21, 2008); *Varsity Gold, Inc. v. Bigham*, 2007 WL 185089 (W.D. Wash. Jan. 19, 2007).

Here, there is no certification made by Ms. Lindsey that she attempted to contact Defendant to resolve the instant discovery dispute. Ms. Lindsey only claims in her two-sentence motion that the discovery request "has nothing to do with this case." (Dkt. #19). Under such circumstances, Ms. Lindsey's motion shall be denied.

The Court finds it worthwhile to remind Ms. Lindsey that "[she] who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to . . . assist and guide the pro se layman[.]" *Jacobsen v. Filler*, 790 F.2d 1362, 1365, n. 5 (9th Cir. 1986) (citation omitted). Therefore while the Court is sympathetic to Ms. Lindsey's *pro se* status, it is ultimately her duty to be apprised of the relevant rules of the Court throughout this litigation.

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Protective Order (Dkt. #19) is DENIED. Ms. Lindsey is directed to fulfill her meet-and-confer obligations under FRCP 26(c)(1). In the event that such a conference does not resolve the instant discovery dispute, Ms. Lindsey is free to refile a motion for protective order that complies with the rules of the Court.

(2) Defendant's Motion to Strike (Dkt. #20) shall be STRICKEN AS MOOT.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se Plaintiff at the following address: PO Box 99025, Seattle, WA 98139.

DATED this 6 day of January, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3